10-5071-cv
Villalobos v. N.Y. State Div. of Parole

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of August, two thousand twelve.

PRESENT:

  JOSÉ A. CABRANES,
  PETER W. HALL,
  RAYMOND J. LOHIER, JR.
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMAURY VILLALOBOS,

    *Plaintiff-Appellant*,

   v.              10-5071-cv

NEW YORK STATE DIVISION OF PAROLE, ANDREA EVANS, Chairwoman, Board of Parole,[1]

    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**  Amaury Villalobos, *pro se*, Stormville, New York.

**FOR DEFENDANTS-APPELLEES:** Richard O. Jackson, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Michael F. Belohlavek, Senior Counsel, *of counsel*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

---

[1]The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction. The case is **REMANDED** to the District Court for further proceedings.

Amaury Villalobos, proceeding *pro se*, appeals from a January 20, 2011 judgment of the District Court dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), his complaint alleging a breach of his civil rights in violation of 42 U.S.C. § 1983. Villalobos also appeals the District Court's failure to decide his timely filed motion for an amended judgment pursuant to Federal Rule of Civil Procedure 52(b).[2] We conclude that we lack jurisdiction over the instant appeal, and remand the case to the District Court to permit it to decide Villalobos's Rule 52(b) motion.

Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B), when a party timely files a Rule 52(b) motion, a notice of appeal filed "after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) . . . becomes effective to appeal a judgment or order . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Rule 52(b) provides that a motion brought under that rule must be filed "no later than 28 days after the entry of judgment." In this case, the order of dismissal was entered on August 23, 2010, and the judgment is deemed entered on January 20, 2011.[3] *See* Fed. R. App. P. 4(a)(7)(A)(ii). The Rule 52(b) motion is therefore timely.

[2]Rule 52(b) provides, in pertinent part, that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Although the Rule 52(b) motion in this case was not docketed, a copy of the motion was attached to Villalobos's subsequently filed motion for an extension of time to file his appeal. The District Court returned the original copy of the motion to Villalobos by letter dated September 20, 2010. *See* S.D.N.Y. dkt. no. 09-cv-8431, doc. 16.

[3]Where, as here, the District Court issues an order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) but does not memorialize that order in a formal judgment, we deem judgment to have been entered 150 days after the order is entered in the civil docket. *See* Fed. R. App. P. 4(a)(7)(ii).

Although Villalobos timely submitted his Rule 52(b) motion, it appears the motion was never docketed but was instead mistakenly returned to Villalobos. *See* S.D.N.Y. dkt. no. 09-cv-8431, doc. 16. Villalobos subsequently filed a notice of appeal from the District Court's order dismissing the case. However, by the terms of Rule 4(a)(4)(B), we cannot exercise jurisdiction over any part of this appeal, because, although undocketed, Villalobos's Rule 52(b) motion was nevertheless a motion enumerated in Rule 4(a)(4)(A) that was timely submitted. The motion therefore serves to delay the "effectiveness" of any notice of appeal until the District Court issues a decision on the motion. Accordingly, the appeal must be dismissed for lack of jurisdiction.

We remand the cause to the District Court with instructions to docket and decide Villalobos's motion. Jurisdiction over Villalobos's appeal from the judgment of dismissal will be restored to this Court upon the entry of the order disposing of the Rule 52(b) motion, without the need to file a new notice of appeal from the dismissal. *See* Fed. R. App. P. 4(a)(4)(B). However, should Villalobos wish to appeal the District Court's decision on his Rule 52(b) motion, he must file a separate notice of appeal within 30 days of the date of entry of the District Court's order. If and when jurisdiction is restored to this Court, the case will be assigned to a new panel in the normal course.

The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
